## W. K. BUCKLEY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6242. Promulgated September 21, 1945.

*Scott Stewart, Jr., Esq.*, for the petitioner.
*Clay C. Holmes, Esq.*, for the respondent.

**OPINION.**

OPPER, *Judge*: The correctness of a deficiency in income and declared value excess profits taxes for the fiscal year ended July 31, 1940, in the amount of $11,321.76 is placed in issue by this proceeding. The sole question is whether an admitted deficiency determined by respondent may be offset by a credit for foreign taxes not claimed on petitioner's tax return.

The case is submitted on a stipulation of all the facts, which are hereby found accordingly. They may be summarized by a quotation from respondent's brief:

Petitioner is a corporation duly organized and existing under the laws of the State of New York and is engaged in the business of selling a cough remedy, "Buckley's Mixture." It kept its accounts and filed its Federal income and

excess profits tax returns on the accrual basis of accounting for the fiscal year ended July 31, 1940. During this year petitioner was under written contract with an Australian corporation under which that corporation was petitioner's sole representative for both Australia and New Zealand. The Australian corporation kept its books of account on the basis of a fiscal year ended June 30. During the fiscal year ended June 30, 1940 petitioner derived profits from its Australian business * * *. However, in filing its return petitioner included in its gross income only the net profit from the Australian business after making provision for foreign income taxes. In the audit of petitioner's return respondent added to this figure $39,539.65, deferred income which had not been reported by petitioner. The addition of this income is not in dispute. In making the computation of petitioner's net taxable income for the fiscal year ended July 31, 1940, respondent allowed a deduction for foreign taxes. Petitioner in its income tax return for the fiscal year ended July 31, 1940 did not file Form 1118.

\* \* \* \* \* \* \*

In its return for the fiscal year 1940 petitioner included in gross income Australian income in the amount of $19,041.84. This is the actual amount of income received by petitioner from Australia. In computing the amount, $19,041.84, petitioner * * * used a gross figure of Australian and New Zealand profit of $80,807.20. From this was deducted $20,005.26, provision for foreign income taxes, leaving a net profit after taxes of $60,801.94. Of this amount $41,760.10 was not reported by petitioner, inasmuch as it was not actually received in cash. Petitioner thus arrived at the amount of $19,041.84, which was reported on its return.

The return in question was filed with the collector for the twenty-eighth district of New York. As prepared, executed, and filed, it showed no net income and no tax due.

The statutory treatment of foreign taxes paid by a citizen has the effect of conferring an option as between a deduction from gross income under section 23 (c) (2) of the Internal Revenue Code [1] and a credit against the United States tax under section 131.[2] The two methods are mutually exclusive, however. The deduction is permissible under section 23 (c) (2) only to "a taxpayer who does not signify in his return his desire to have to any extent the benefits of section

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

\* \* \* \* \* \* \*

(c) TAXES GENERALLY.—Taxes paid or accrued within the taxable year, except—

\* \* \* \* \* \* \*

(2) income, war-profits, and excess-profits taxes imposed by the authority of any foreign country or possession of the United States; but this deduction shall be allowed in the case of a taxpayer who does not signify in his return his desire to have to any extent the benefits of section 131 (relating to credit for taxes of foreign countries and possessions of the United States) ;

[2] SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a) If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this chapter, except the tax imposed under section 102, shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; * * *

131," and the latter section is applicable only "If the taxpayer signifies in his return his desire to have the benefits of this section * * *."

The case accordingly presents the now familiar situation of an election conferred by statute, the exercise of which, however, must be expressly designated to become valid. In the present case, the problem of an amended return, whether timely or not, and its possible effect upon the notice of election is absent, there having been no attempt at any time on the part of petitioner to take such action. Cf. *Haggar Co.* v. *Helvering*, 308 U. S. 389; *Riley Investment Co.* v. *Commissioner*, 311 U. S. 55. Petitioner's treatment of the foreign income on its return had the effect of a deduction of the taxes from gross income, and no election to the contrary has ever been made as far as any return for that year is concerned.

Petitioner relies upon *Ralph Leslie Raymond*, 34 B. T. A. 1171. The same general question was there disposed of in favor of the taxpayer, but the facts are significantly at variance in one important respect, "that the petitioner [Raymond] in his original return * * * did not claim * * * a deduction for the Canadian taxes for that year. It can not be said therefore that he exercised any election in respect of the Canadian taxes."

The authority of that case, moreover, has been materially weakened by *Alexander C. Howe*, 44 B. T. A. 894, which "said that in reaching our conclusion there [in the *Raymond* case] we did not have the benefit of the pronouncements of the Supreme Court in *Riley Investment Co.* v. *Commissioner*, *supra*." The *Raymond* case was not, however, directly overruled, and it must be recognized that the *Howe* case is distinguishable in petitioner's favor in that there the taxpayer's return showed net taxable income against the tax on which a credit of the foreign taxes would have been of some benefit. In both *Raymond* and *Howe* an amended return was filed, claiming the credit—a procedure which, as we have seen, was omitted here.

The result called for, however, seems to us the necessary consequence of principles now generally established. An election of the type we are discussing must be exercised in strict compliance with the legislative command. Otherwise an uncontemplated benefit may be conferred on the nonconforming taxpayer. The present situation is no exception. Selection of the credit against tax would have obvious advantages if the tax were large. On the other hand, as the *Raymond* case observes, "The deduction [from gross income] would in some cases be advantageous, as where the return shows a net loss which might be carried forward to the next succeeding taxable year." As in all such cases, the election, especially where it may have a binding effect for future years, was not intended to allow the taxpayer to await coming events to see which system would ultimately profit it

most. The election is there, but it must be exercised in prospect, not retrospect.

This is particularly true in the light of section 131 (d), for that specifies "If the taxpayer elects to take such credits in the year in which the taxes of the foreign country * * * accrued, the credits for all subsequent years shall be taken upon the same basis * * *." [3] The fact, if it be such,[4] that the present petitioner makes no such claim is inconsequential. It could have made that election, and if the future effect of not making it would have had the converse effect, that is merely a typical characteristic of the elective principle. As we said in *Kehoe-Berge Coal Co.*, 41 B. T. A. 282, 287; affd. (C. C. A., 3d Cir.), 117 Fed. (2d) 439, "only a binding election not subject to alteration can conform to the general plan. If we remit that all-important prerequisite, we place petitioner in a favored position and one which is evidently forbidden by the legislative scheme."

The fact that no benefit would have been derived from the credit on the basis of the figures appearing in petitioner's return can not relieve petitioner of the necessity of specifying the optional method. In the first place, to quote from the opinion of affirmance in *Kehoe-Berge Coal Co.*, *supra*, "It is true that on the basis of his return there was nothing upon which to claim a deduction. But that return was found to be incorrect and the taxpayer acquiesced in the claim for additional taxes."[5] In the second place, "The statute provides for the election of a method of computation for the present and the future; it does not, contrary to petitioner's assertions, make the necessity for election depend upon whether an allowance actually results from the method of computation chosen." *Mother Lode Coalition Mines Co.* v. *Helvering*, 317 U. S. 222.

We conclude that petitioner elected the deduction method; that it has never abandoned that election; and that it is accordingly precluded from obtaining the alternative benefit of a credit against the tax.

*Decision will be entered for the respondent.*

---

[3] Internal Revenue Code, section 131 (d) :

"(d) YEAR IN WHICH CREDIT TAKEN.—The credits provided for in this section may, at the option of the taxpayer and irrespective of the method of accounting employed in keeping his books, be taken in the year in which the taxes of the foreign country or the possession of the United States accrued, subject, however, to the conditions prescribed in subsection (c) of this section. If the taxpayer elects to take such credits in the year in which the taxes of the foreign country or the possession of the United States accrued, the credits for all subsequent years shall be taken upon the same basis, and no portion of any such taxes shall be allowed as a deduction in the same or any succeeding year."

[4] The stipulation indicates that part of the taxes offset against petitioner's foreign income as computed in its return were accrued but not paid in the tax period.

[5] Cf. *Pittston-Duryea Coal Co.* v. *Commissioner* (C. C. A., 3d Cir.), 117 Fed. (2d) 436. But cf. further, *Mother Lode Coalition Mines Co.* v. *Helvering*, 317 U. S. 222, 226.