Leon **ROSENFIELD**, as Administrator,
D.B.N.C.T.A. of Estate of George D.
Beaston, Deceased, Appellant,

v.

**UNITED STATES of America.**

No. 12463.

United States Court of Appeals
Third Circuit.

Argued April 17, 1958.

Decided May 12, 1958.

Herbert M. Linsenberg, Philadelphia,
Pa. (Leon Meltzer, Philadelphia, Pa., on
the brief), for appellant.

S. Dee Hanson, Washington, D. C.
(Charles K. Rice, Asst. Atty. Gen., Lee
A. Jackson, A. F. Prescott, Attys., Dept.
of Justice, Washington, D. C., Harold K.
Wood, U. S. Atty., Norman C. Henss,
Asst. U. S. Atty., Philadelphia, Pa., on
the brief), for appellee.

Before GOODRICH, McLAUGHLIN
and STALEY, Circuit Judges.

PER CURIAM.

The Internal Revenue Code of 1939
permits the representative of an estate
the election of evaluating the assets in
the gross estate either as of the date of
death or one year after death. 26 U.S.C.
§ 811 (1952 ed.). Section 81.11 of Treas-
ury Regulation 105 provides that "In no
case may the election be exercised, or a
previous election changed, after the ex-
piration of the time for the filing of the
return."

The administrator d. b. n. c. t. a. in this
case seeks a refund of additional estate
tax assessed by the Commissioner. The
additional tax was the result of the
original executor's apparent election
manifested on the estate's return to have
the assets valued one year from date of
death. It is the administrator's argu-
ment here that the apparent election was
not binding and irrevocable because it
was made upon a mistake as to the conse-
quences of that election.

The district court entered judgment
for defendant, relying on Section 81.11 of
Treasury Regulation 105 and analogous
tax cases denying the right to change
the election after date for filing has
passed. D.C.E.D.Pa.1957, 156 F.Supp.
780. The election here was made upon a
full disclosure of facts. It is therefore
binding, and we can add nothing to the
opinion of the district court.

The judgment of the district court will
be affirmed.