ESTATE OF NORMA S. BRADLEY, deceased, JOSEPH L. ARNOLD and DOUGLAS S. BRADLEY, Co-Executors, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Estate of Bradley v. Commissioner
Docket No. 4375-72.
United States Tax Court
T.C. Memo 1974-17; 1974 Tax Ct. Memo LEXIS 302; 33 T.C.M. (CCH) 70; T.C.M. (RIA) 74017; January 24, 1974, Filed Joseph L. Arnold, for the petitioner.
Christopher D. Rhodes, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION
FEATHERSTON, Judge: Respondent determined a deficiency in estate tax liability in the amount of $10,586.04 2 and an addition to tax under section 6651(a)[1] in the amount of $3,962.50.The issues for decision are as follows:
(1) Whether an election to value the property included *303 in the decedent's gross estate, made in a delinquent estate tax return, was timely within the meaning of section 2032(c);
(2) Whether petitioner's failure to file an estate tax return within the time prescribed by law was due to reasonable cause and not due to willful neglect within the meaning of section 6651(a); and
(3) If petitioner is liable for the addition to tax prescribed by section 6651(a), whether the liability is for a 2-month or only a 1-month delinquency.
FINDINGS OF FACT
Joseph L. Arnold and Douglas S. Bradley were named as co-executors of the estate of Norma S. Bradley.At the time the petition was filed, they were legal residents 3 of the Commonwealth of Kentucky.
Norma S. Bradley, who was a resident of Lexington, Kentucky, died on January 30, 1969, leaving an estate which included stocks and bonds. Her estate tax return was due to be filed on or before April 30, 1970. For convenience, her estate will sometimes be referred to herein as "the estate" or "the decedent's estate."
Co-executor Joseph L. Arnold is an attorney, and he is married to Norma S. Bradley's daughter. He assumed the responsibility of himself and the other co-executor for handling all matters *304 pertaining to the estate. Arnold's law practice does not involve any Federal or State tax work. For at least the past 20 years, he has relied almost exclusively on the personnel of a local accounting firm to do his tax work, including the preparation of his own income tax returns, the completion of partnership and withholding tax returns for his law firm, and the handling of tax matters of his clients.
On or before April 15, 1970, Arnold conferred with a member of the accounting firm on the preparation of his own income tax return and the fiduciary income tax return for the decedent's estate. In the course of that conversation, Arnold requested that the accountant prepare the fiduciary income tax return for the decedent's 4 estate. He left the entire file on the estate with the accountant. While discussing the estate's tax problems, Arnold inquired as to the due date for filing the Federal estate tax return. The accountant thought Arnold's inquiry related to the Kentucky State inheritance tax return, and she told him the return was due 18 months from the date of death, that being the correct time for filing such a return under the Kentucky State inheritance tax statute. The *305 accountant was retained to prepare the decedent's estate tax return.
The accountant prepared the Federal estate tax return and delivered it to Arnold in his office on May 28, 1970. On the same day (a Thursday), Arnold mailed the return to the Internal Revenue Service at Cincinnati, Ohio, with an accompanying letter transmitting a $6,500 payment and requesting an extension of time to pay the balance due. For its services in preparing the estate tax return and the fiduciary income tax return, the accounting firm was paid a fee of $500.
The estate tax return was received in the office of the Internal Revenue Service at Cincinnati, Ohio, on June 1, 1970 (a Monday), in an envelope which bears a United States postmark dated May 28, 1970. 5 In the estate tax return, the executors elected the alternate valuation date procedure prescribed by section 2032. Petitioner reported a gross value of $152,173.75 as of January 30, 1970, for the stocks and bonds in the estate. As of the date of death, the value of the stocks and bonds in the estate was $190,277.61.
OPINION
1. Election of Alternate Valuation Date Respondent contends that under section 2032(c), an election of the alternate *306 1-year-after-death date for valuing a decedent's gross estate must be made on a return filed within the time prescribed by law and before the expiration of any granted extension of time for filing the return.Petitioner contends that there was reasonable cause for failure to timely file its estate tax return, and the estate, therefore, may elect the alternate valuation date even though the return was filed late. We agree with respondent on this issue. 6 The pertinent language of section 2032, [2] quoted in the margin, is explicit. Subsection (a) authorizes the executor, in stated circumstances, to elect to value the property included in the gross estate as of the date 1 year after the decedent's death. Subsection (c) provides that such election shall be exercised by the executor "on his return if filed within the time prescribed by law or before the expiration of any extension of time" 7 granted for the filing of the return. These statutory provisions are amplified by section 20.2032-1(b) (2), Estate Tax Regs., which states that the election must be made on the estate tax return, *307 filed within 15 months from the date of the decedent's death (if the decedent died on or before December 31, 1970) or within the period of any extension of time granted for filing the return. The regulation adds the express provision that "In no case may the election be exercised, or a previous election changed, after the expiration of such time."
*308 The evidence is clear that petitioner's estate tax return was not timely filed. It was due on or before April 30, 1970, and was not filed until June 1, 1970. The language of both the statute and the regulation denies effect to the election and requires the date-of-death values to be used in computing the estate tax. Estate of Henry S. Downe, 2 T.C. 967, 970-971 (1943).
Nothing in the language of section 2032, the accompanying regulations, or any other provision of the Code provides any support for petitioner's contention that an election of the alternate valuation date may be made on an untimely return if the failure to file the return on time was due to reasonable cause. This Court held in Estate of Frederick L. Flinchbaugh, 1 T.C. 653, 655 (1943), that: 8 The opportunity to elect to value property of a decedent's estate as of one year after the decedent's death is one "of legislative grace" and therefore must be made in the manner and in the time prescribed by Congress. * * *
This same principle was expressed in Riley Co. v. Commissioner, 311 U.S. 55, 58-59 (1940), *309 a case where the taxpayer failed to elect a percentage depletion allowance on a timely filed original income tax return, as follows:
That opportunity was afforded as a matter of legislative grace; the election had to be made in the manner and in the time prescribed by Congress. The offer was liberal. But the method of its acceptance was restricted. The offer permitted an election only in an original return or in a timely amendment. An amendent for the purposes of § 114(b) (4) would be timely only if filed within the period provided by the statute for filing the original return. No other time limitation would have statutory sanction. To extend the time beyond the limits prescribed in the Act is a legislative, not a judicial, function.
See also Rosenfield v. United States, 156 F.Supp. 780, 782-784 (E.D. Pa. 1957), affirmed per curiam 254 F.2d 940 (C.A. 3, 1958), certiorari denied 358 U.S. 833 (1958); and, generally, Estate of George Stamos, 55 T.C. 468, 472-478 (1970). [3]
*310 9 2. "Reasonable cause" for Late Filing Section 6651(a)[4] provides for an addition to tax equal to 5 percent of the tax for each month the failure to file a timely return continues, not to exceed 25 percent in the aggregate, unless it is shown that such failure is "due to reasonable cause and not due to willful neglect." In deciding whether the failure to file a 10 timely estate tax return was "due to a reasonable cause," the test to be applied is that of "ordinary business care and prudence." Sec. 301.6651-1(c) (1), Procedure and Administration Regs. "The issue presented is purely factual." Southeastern Finance Co. v. Commissioner, 153 F.2d 205 (C.A. 5, 1946), affirming 4 T.C. 1069 (1945). "Other decisions pro and contra are of little help." Mayer's Estate v. Commissioner, 351 F.2d 617 (C.A. 2, 1965), affirming per curiam 43 T.C. 403 (1964), certiorari denied 383 U.S. 935 (1966).
*311 We hold for petitioner on this issue.
The evidence shows that Arnold conferred with an accountant prior to the due date of the estate tax return and inquired as to when the return was due. The accountant advised that the return was due 18 months from the decedent's date of death. While the accountant may have misunderstood the inquiry, thinking it related to the Kentucky State inheritance tax return, [5] Arnold accepted 11 the answer as the correct one and relied upon the advice he received. Otherwise, he could have requested an extension of time for filing the return or arranged to have had it completed and filed by April 30, 1970. The accountant was a member of a reputable firm engaged in preparing tax returns as a part of its practice, and Arnold had retained the firm to handle accounting and tax matters on numerous occasions in the past. [6] We think his inquiry and his reliance on the accountant's reponse, in the circumstances of this case, were consistent with the ordinary business care and prudence standard prescribed by the applicable regulation.
*312 Respondent emphasizes that Arnold is an attorney engaged in the practice of the law and maintains that he is so charged with knowledge of the estate tax return due dates as to preclude his reliance on an accountant for advice on that subject, citing Estate of William T. Mayer, 43 T.C. 403 (1964), affirmed per curiam 351 F.2d 617 (C.A. 2, 1965), certiorari denied 383 U.S. 935 (1966). 12 In the ordinary case, respondent's position might be a reasonable one. However, the evidence shows that Arnold's law practice does not include matters pertaining to Federal income or estate taxes and that he has consistently relied upon others for advice on such matters. He had no experience in tax problems related to probate matters. He testified that, during the entire period of his practice, he had served as the executor of an estate in only two cases, i.e., for the estate of Norma S. Bradley, petitioner in this proceeding, and the estate of her husband, Ernest B. Bradley, who died in 1947. Both cases involved the estates of Arnold's parents-in-law, and in both cases the preparation and filing of the estate tax returns were handled by the same accounting *313 firm.
Taking into account the nature of his law practice, we think it entirely reasonable to conclude that Arnold did not know the due date of the estate tax return. We think it was also consistent with ordinary business care and prudence for him to consult a member of an accounting firm which regularly prepared tax returns for advice on the due date of the estate tax return and to rely on the advice he received. While there are several conflicts between the testimony of Arnold and the accountant, she admits that Arnold inquired as to the due date for filing the estate tax return and that she "inadvertently" told him it was 18 months after the date of the decedent's death.
Respondent points out that the filing of an estate tax return is a personal, nondelegable duty of the executor, citing Ferrando v. United States, 245 F.2d 582, 589 (C.A. 9, 1957), and that Arnold knew he had that duty. From this premise, respondent argues that although erroneous advice as to whether a return need be filed may be reasonable cause for failure to file such return, such advice may not be reasonable cause for failure to file on time a return known to be due, citing Estate of Frank Duttenhofer, 49 T.C. 200 (1967), *314 affirmed per curiam 410 F.2d 302 (C.A. 6, 1969). However, Arnold did not delegate to the accountant the responsibility for filing the return. Rather, he bases his case on the fact that he asked the accountant when the return was due to be filed and she told him a date beyond the statutory period. Arnold relied upon the accountant's response in not arranging for the timely filing of the return or requesting an extension of time within what he later learned was the statutory period for filing the return. To sustain repondent's argument would require a holding that an 14 executor may rely upon the advice of an expert on substantive tax law questions but, as a matter of law, may not do so with respect to the requirements of the law as to the due date of tax returns - that he must research that question for himself. We decline to so hold. We fail to see a significant distinction between the reasonableness of a failure to file at all and the reasonableness of a failure to file on time, where in both circumstances the taxpayer has relied on the advice of competent counsel. As applied to the facts of this case, we think respondent's argument lacks merit.
Taking into *315 account all the facts of record, we find that Arnold, as co-executor of the decedent's estate, sought to ascertain and discharge his responsibilities with ordinary business care and prudence. See Estate of Henry P. Lammerts, 54 T.C. 420, 445-447 (1970), affirmed per curiam on this issue 456 F.2d 681 (C.A. 2, 1972). Having no personal knowledge of the due date of the estate tax return, he attempted in good faith to determine that date by consulting a certified public accountant on whose firm he had relied for advice on tax matters. See and compare Estate of Frank Duttenhofer, 49 T.C. at 205. Although the accounting firm had competently served Arnold for over 20 years, he was given erroneous advice 15 on this occasion. As a result of his reliance on that advice, the decedent's estate tax return was filed after the expiration of the statutory filing period. Under these circumstances, we hold that petitioner has shown reasonable cause, within the meaning of section 6651(a), for the delinquency. Cf. Estate of Daisy F. Christ, 54 T.C. 493, 553-554 (1970), affirmed on another issue 480 F.2d 171 (C.A. 9, 1973). *316 [7] Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect at the time of the decedent's death, unless otherwise noted.↩
2. SEC. 2032. ALTERNATE VALUATION.
(a) General. - The value of the gross estate may be determined, if the executor so elects, by valuing all the property included in the gross estate as follows:
(1) In the case of property distributed, sold, exchanged, or otherwise disposed of, within 1 year after the decedent's death such property shall be valued as of the date of distribution, sale, exchange, or other disposition.
(2) In the case of property not distributed, sold, exchanged, or otherwise disposed of, within 1 year after the decedent's death such property shall be valued as of the date 1 year after the decedent's death.
* * *
(c) Time of Election. - The election provided for in this section shall be exercised by the executor on his return if filed within the time prescribed by law or before the expiration of any extension of time granted pursuant to law for the filing of the return.↩
3. In Fred B. Fisk Est., 11 T.C.M. 77, 78 (1952), reversed on another issue 203 F.2d 358↩ (C.A. 6, 1953), this Court specifically rejected an argument that the alternate valuation date may be used if the failure to file the return on time was due to reasonable cause. 4. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX.
(a) Addition to the Tax. - In case of failure - (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *↩
5. The preponderance of the evidence indicates that Arnold was not aware of the misapprehension of his inquiry until much later. The accountant testified that she informed Arnold that the return was late when she delivered it to him on May 28, 1970.Arnold testified that the first time he ever heard the accountant state to him or anyone else that the estate tax return was late on May 28, 1970, was in the Courtroom on the date of the trial. As we view the facts which control this issue, we need not resolve this conflict.↩
6. Arnold and the accountant do not agree as to when she was formally retained to prepare the estate tax return. We note, however, that the accountant was paid a flat fee of $500 for preparing both the fiduciary income tax return and the estate tax return, and both witnesses agree that on or before April 15, 1970, she prepared the application for extension of time to file the fiduciary return.↩
7. Having decided that the sec. 6651(a)↩ addition to the tax does not apply, we do not reach the third issue, i.e., whether petitioner is subject to a 2-month or a 1-month delinquency liability.