ALBERT L. AND CHARLOTTE K. DOUGHERTY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2400-69. Filed March 12, 1974.

*Thomas J. Donnelly, Jr.,* and *John A. Hazelwood,* for the petitioners.

*Robert T. Hollohan,* for the respondent.

SUPPLEMENTAL OPINION

TANNENWALD, *Judge:* In our Court-reviewed opinion disposing of the substantive issues involved in this case (60 T.C. 917), we held that petitioner Albert L. Dougherty had made an effective election under section 962 [1] to be taxed at corporate rates on the amount includable in his gross income for 1963 under section 951(a). The parties had stipulated as to the election [2] and the sole issue before the Court was whether the election had been timely made. See 60 T.C. at 938–942.

---

[1] SEC. 962. ELECTION BY INDIVIDUALS TO BE SUBJECT TO TAX AT CORPORATE RATES.

(a) GENERAL RULE.—Under regulations prescribed by the Secretary or his delegate, in the case of a United States shareholder who is an individual and who elects to have the provisions of this section apply for the taxable year—

(1) the tax imposed under this chapter on amounts which are included in his gross income under section 951(a) shall (in lieu of the tax determined under section 1) be an amount equal to the tax which would be imposed under section 11 if such amounts were received by a domestic corporation, and

(2) for purposes of applying the provisions of section 960 (relating to foreign tax credit) such amounts shall be treated as if they were received by a domestic corporation.

(b) ELECTION.—An election to have the provisions of this section apply for any taxable year shall be made by a United States shareholder at such time and in such manner as the Secretary or his delegate shall prescribe by regulations. An election made for any taxable year may not be revoked except with the consent of the Secretary or his delegate.

All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect for the year in issue.

[2] Par. 10 of the stipulation of facts reads as follows:

"On April 15, 1968, Dougherty notified the respondent of his election, in the event he were to be taxed on investments in United States property by Liberia for the year 1963, to be taxed on the applicable amount of such investments as if he were a domestic corporation as provided by Section 962 of the Internal Revenue Code."

We also held in our original opinion that the amount properly includable in petitioner's gross income for 1963 under section 951(a) was $51,201.92 rather than the amount of $531,027.92 determined by respondent in his notice of deficiency. See 60 T.C. at 934–938.

The parties having failed to agree on a stipulated decision which the Court directed to be entered under Rule 50 (now Rule 155 of the Tax Court Rules of Practice and Procedure), respondent, on November 21, 1973, filed a computation for entry of decision giving effect to our holding that petitioner had made an effective election. That computation showed a tax liability for that year of $20,712.95.

On January 2, 1974, petitioners filed a document entitled "Motion Regarding § 962, IRC, Election." In a computation attached to the motion, petitioners showed that their Federal income tax liability for 1963 would be $7,797.13 less if petitioner's election under section 962 were disregarded and the liability were computed without applying the provisions of that section. This result was due to the holding in our original opinion that the amount properly includable in petitioner's gross income for 1963 under section 951(a) was substantially less than the amount determined by respondent.

Thus confronted with what seems to be a Pyrrhic victory in their battle to come within the provisions of section 962, petitioners now attempt to retrench their position by means of the present motion, from which we quote the following pertinent statements:

The Petitioners feel that they should be required to finalize an election as to whether the corporate tax rates apply at the time they know the amount of the subpart F income which is imputed to them. Also Petitioners further contend that they should not be required to withdraw their corporate election entirely in the event the Respondent appeals the case and the amount of the subpart F income taxable to them is increased as a result of the decision of an appellate court.

Accordingly, the Petitioners do hereby move that the Petitioners be allowed to protectively withdraw the election to be taxed at corporate tax rates made pursuant to § 962 of the Internal Revenue Code for the purposes of computing the tax attributable to the deficiency found by the Court for the year 1963 under Rule 50.

In the event there is an appeal of the case and the appeals court determines that the taxable income is in excess of the amount determined by this Court, Petitioners would be allowed to reinstate their election pursuant to § 962 of the Code, at the Petitioners' option.

Nothing contained in this Motion should in any way effect either parties' right to appeal, and in particular nothing shall be deemed to restrict Respondent's right to challenge * * * whether the Petitioners have made a valid and effective election under § 962 of the Code.

We hold that petitioners' motion should be denied.

Initially, we note that section 962(b) provides that an election under section 962(a) "may not be revoked except with the consent

of the Secretary or his delegate." See also sec. 1.962–1, Income Tax Regs. No application for such consent has been made, nor has the respondent acceded to petitioners' motion except to the extent of observing that petitioners have it within their power to concede that, contrary to the Court's holding, an effective election under section 962(a) was not made—an observation which has elicited no response from petitioners.[3]

Indeed, it would appear that petitioners have sought to avoid the effect of section 962(b) by couching their motion in terms of a "withdrawal" of the election and a substitution of a conditional election in its place. In support of their position, petitioners point to *W. K. Buckley, Inc.* v. *Commissioner*, 158 F. 2d 158 (C.A. 2, 1946), reversing 5 T.C. 787 (1945). In that case, the taxpayer reported only a portion of its Australian and New Zealand profits (omitting the portion that had been impounded in those countries) and, as a consequence, its tax return showed a loss, with the result that no tax was payable. The portion of net profits reported was after Australian and New Zealand income taxes, so that those taxes did not represent any part of the loss. The Commissioner determined that the impounded profits were includable in gross income, and, in response to that determination, the taxpayer sought a credit instead of a deduction for the applicable foreign income taxes. Litigation then ensued. This Court held that the taxpayer had elected to deduct such taxes and that consequently it was precluded from obtaining a credit. The Court of Appeals reversed and in the course of its opinion made the following statement, upon which petitioners rely:

It seems to us sufficient for the taxpayer to indicate its election when it appears that *a* tax is due and when, therefore, an election first has significance. [Emphasis added. 158 F. 2d at 161.]

*Buckley* is distinguishable. There, the election was made unconditionally and prior to the commencement of litigation. We have found no decisions in which an election—let alone a conditional election—has been permitted after the conclusion of litigation. In *John F. Bayley*, 35 T.C. 288, 298 (1960), we held effective an election made in the taxpayer's amended petition to return on the installment method the gain on the sale of his residence in the event it was determined that he was not entitled to nonrecognition of such gain under section 1034. Not only did the situation in that case involve the complexities of then incomplete procedures dealing with the election to report on the installment method (see 2 Mertens, Law of Federal Income Taxa-

---

[3] We express no opinion as to the possibility of such a concession on the part of petitioners in the event of an appeal of our decision by respondent or as to the applicability of sec. 962(b) and the regulation thereunder in the event of such an appeal and an affirmance of our holding.

tion, sec. 15.06, p. 17 (1967 rev.), but it also dealt with an issue of taxability versus nontaxability of the underlying transaction. Similarly, in *Buckley*, the taxpayer purportedly had no tax liability to which the credit could be applied until the impounded profits were held to be includable. Indeed, it was such a consideration based upon reasonable belief as to nontaxability which underpinned our original opinion. We think that different considerations affect the unraveling of an effective election after it has been made.

In the instant situation, the event which has triggered petitioners' despair is not simply that we have found that the transactions in question give rise to taxable income where none was thought to exist but that we have found an amount of taxable income less than the amount which makes the section 962 election advantageous. This is precisely the kind of hindsight which has consistently been held to bar a change in an election previously made. *Pacific National Co.* v. *Welch*, 304 U.S. 191 (1938); *Southern Natural Gas Co.* v. *United States*, 412 F. 2d 1222, 1246 (Ct. Cl. 1969); *Darby's Estate* v. *Wiseman*, 323 F. 2d 792 (C.A. 10, 1963); *Rosenfield* v. *United States*, 156 F. Supp. 780 (E.D. Pa. 1957), affirmed per curiam 254 F. 2d 940 (C.A. 3, 1958); *Estate of George Stamos*, 55 T.C. 468 (1970); *National Western Life Insurance Co.*, 54 T.C. 33 (1970); *Samuel Pollack*, 47 T.C. 92, 111–113 (1966), affirmed as to other issues 392 F. 2d 409 (C.A. 5, 1968); *Burke & Herbert Bank & Trust Co.*, 10 T.C. 1007 (1948). Nor do we consider that we should reach a different conclusion simply because the impact of the section 962 election seems to be limited to a single year. See 60 T.C. at 940; *Estate of George Stamos*, 55 T.C. at 475.

Petitioners are also not helped by cases such as *Meyer's Estate* v. *Commissioner*, 200 F. 2d 592 (C.A. 5, 1952), reversing 15 T.C. 850 (1950), which hold that an election made in reliance upon a material mistake of fact may be revoked as soon as the true facts are discovered. In the instant case, petitioners do not and cannot claim they were unaware or mistaken as to any of the material facts bearing upon the election at the time it was made. They themselves were the ones who made the argument leading to our determination that the amount of income includable in their 1963 income was substantially less than the amount indicated in the notice of deficiency. Under such circumstances, the doctrine of mistake of fact, whatever its vitality, does not apply to the present case. See *Estate of George Stamos*, 55 T.C. at 475–478; *Frank T. Shull*, 30 T.C. 821, 829–830 (1958), affirmed on this issue 271 F. 2d 447, 449 (C.A. 4, 1959).

The long and the short of the matter is that, although section 962 was intended to afford relief to taxpayers affected by the controlled

foreign corporation provisions, it is elective and does not operate automatically whenever it benefits the taxpayer. Compare *Lone Manor Farms, Inc.*, 61 T.C. 436 (1974). Compare also *Herbert L. Damner*, 3 T.C. 638, 643 (1944); *Amy Hutchison Orellin*, 46 B.T.A. 1152, 1157 (1942); *Lunsford Richardson*, 39 B.T.A. 927, 936 (1939), affirmed on this issue 126 F. 2d 562, 569–570 (C.A. 2, 1942). See *National Western Life Insurance Co.*, 54 T.C. at 39.

> *Decision will be entered in accordance with respondent's computation.*