ESTATE OF ABRAHAM T. KLEIN, DAVID R. CALVERT, Administrator DBN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Klein v. Commissioner
Docket No. 6135-72.
United States Tax Court
T.C. Memo 1975-115; 1975 Tax Ct. Memo LEXIS 258; 34 T.C.M. (CCH) 567; T.C.M. (RIA) 750115; April 28, 1975, Filed. Gene F. Reardon, for the petitioner. [1]
Thomas M. Ingoldsby, for the respondent. *259 SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the Federal estate tax of the Estate of Abraham T. Klein in the amount of $10,407.89. He also determined an addition to tax under section 6651(a) of the Internal Revenue Code of 1954[2] of $2,081.58. The petitioner has conceded the deficiency in tax; the only issue remaining for decision is whether the petitioner is liable for an addition to tax for failing to file a return timely. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Abraham T. Klein (the decedent) died intestate a resident of Colorado on October 22, 1968. The administrator d.b.n., David R. Calvert, resided in Englewood, Colo., at the time of the filing of the petition herein. A Federal estate tax return for Abraham T. Klein's estate was filed with the district director of internal revenue, Denver, Colo., on May 11, 1970. The decedent's only heirs were his cousins, Bernard A. Teah and Jeanetta T. Wentz, neither of whom resided in Colorado. Mr. Teah was *260 the heir principally involved in the administration of the estate. Upon learning of the decedent's death, he contacted David R. Calvert, an attorney in Denver, to discuss what should be done with regard to the estate, and on October 25, 1968, the heirs retained him to represent the estate. At the suggestion of Mr. Calvert, it was agreed that an employee of his law firm, Alwin E. Reide, would be appointed administrator of the estate. The Denver County Probate Court (the probate court) approved his appointment on October 28, 1968, although the probate judge had some reservations about the appointment. Mr. Reide was formerly an attorney but had been suspended from practicing law in 1961. He had been committed to various hospitals and sanatoriums for treatment of alcoholism and had served 2 years in prison after pleading nolocontendere to a forgery charge. When Mr. Reide was hired by Mr. Calvert to work for his law firm, he was aware of Mr. Reide's prior problems but felt that he was cured of those problems. Mr. Reide immediately began administering the estate. Both Mr. Reide and Mr. Calvert knew that a Federal estate tax return would have to be filed. Mr. Calvert relied upon *261 Mr. Reide, who was then the administrator, to file the Federal estate tax return on time. The Federal estate tax return for the estate of Abraham T. Klein was due on January 22, 1970. In the late winter or early spring of 1970, Mr. Calvert learned that such return had not been filed. He then took steps to have the return completed, and it was filed on May 11, 1970. According to the return, it was signed by Mr. Reide as administrator on February 2, 1969. No reason for the late filing has been shown. In May 1971, Mr. Reide was removed as administrator of the estate by the probate court, and Mr. Calvert was appointed administrator d.b.n. The action to remove Mr. Reide as administrator was unrelated to the late filing of the Federal estate tax return. The Commissioner determined that an addition to tax for late filing should be imposed. OPINION Section 6075 requires that an estate tax return be filed within 15 months after the decedent's death in the case of decedents dying before January 1, 1971. [3] Thus, since the decedent died on October 22, 1968, the estate tax return was due on January 22, 1970, but was not filed until May 11, 1970. The sole issue to be decided is whether *262 the failure to file the Federal estate tax return timely was due to reasonable cause so that the addition to tax of section 6651(a) does not apply. Section 6651(a) provides for an addition to tax for failure timely to file a return of 5 percent of the tax due for each month the return is delinquent, not to exceed 25 percent. However, the addition is not applicable if "it is shown that such failure is due to reasonable cause and not due to willful neglect." The taxpayer has the burden of proving that the failure was due to reasonable cause. Electric & Neon, Inc.,56 T.C. 1324, 1342 (1971), affd. without opinion 496 F. 2d 876 (C.A. 5, 1974); Rudolf A. Zivnuska,33 T.C. 226, 239 (1959); Estate of Frank N. Derby,20 T.C. 164, 170 (1953). Merely showing that the late filing was not caused by willful neglect does not satisfy the taxpayer's burden. Paula Construction Co.,58 T.C. 1055, 1061 (1972), *263 affd. without opinion 474 F. 2d 1345 (C.A. 5, 1973); Beck Chemical Equipment Corp.,27 T.C. 840, 858 (1957). Reasonable cause exists when the taxpayer establishes that he exercised ordinary business care and prudence to have the return filed timely. See sec. 301.6651-1(c)(1), Proced. and Admin. Regs.; Southeastern Finance Co. v. Commissioner,153 F. 2d 205 (C.A. 5, 1946), affg. 4 T.C. 1069 (1945); Paula Construction Co.,supra.
Federal estate tax returns must be filed by the executor in all cases where the gross estate of the decedent exceeds $60,000. Sec. 6018. As used in that section, the term "executor" includes the administrator of the decedent's estate. Sec. 2203. From shortly after the decedent's death and until 1 year after the return was due, the estate's administrator was Alwin Reide. No evidence was offered to explain why he did not timely file the return. Although Mr. Reide was called as a witness, the counsel for the estate asked him no questions concerning the reasons for the delay in filing the return. Even though evidence of Mr. Reide's prior problems with alcohol was shown, it was *264 not shown that he was experiencing such problems while he served as administrator, not shown that such problems in any way interfered with the performance of such duties as administrator, and, particularly not shown that such problems were in any way related to his failure to file the return on time. His subsequent removal as administrator--1 year after the estate tax return was filed--was for reasons not related to the late filing of the estate tax return. The removal proceedings also provide us no explanation for the delay. Due to the petitioner's utter failure to show reasonable cause for the untimely filing of the estate tax return, we must concur in the Commissioner's determination. The petitioner argues that Mr. Calvert, the attorney for the estate, reasonably relied upon Mr. Reide to file the Federal estate tax return and that such reliance excuses the late filing. However, we have already held that it was Mr. Reide's duty to file the return and that no reasonable cause was shown for his delay in filing it. Furthermore, we are not convinced that Mr. Calvert's reliance on Mr. Reide could excuse the delay in any event. A good faith reliance on professional advice may sometimes *265 excuse a failure to file timely. See Paula Construction Co.,supra;West Coast Ice Co.,49 T.C. 345, 351 (1968); Estate of Michael Collino,25 T.C. 1026 (1956); Burruss Land and Lumber Co. v. United States,349 F. Supp. 188 (W.D. Va. 1972). However, such rule has been applied only when the taxpayer who is himself unfamiliar with the requirements of the tax law relies upon professional advice to the effect that a return need not be filed. Estate of Henry P. Lammerts,54 T.C. 420, 446 (1970), affd. per curiam on this issue 456 F. 2d 681 (C.A. 2, 1972); Estate of Frank Duttenhofer,49 T.C. 200, 205-206 (1967), affd. per curiam 410 F. 2d 302 (C.A. 6, 1969).[4] Both Mr. Calvert and Mr. Reide knew a Federal estate tax return was required. By merely delegating to another the responsibility for preparation and filing of the return, the taxpayer is not relieved of the responsibility of filing the return timely. Logan Lumber Co. v. Commissioner,365 F. 2d 846, 854 (C.A. 5, 1966), affg. on this issue a Memorandum Opinion of this Court; *266 Paula Construction Co.,supra;Inter-American Life Insurance Co.,56 T.C. 497, 511 (1971), affd. per curiam 469 F. 2d 697 (C.A. 9, 1972); Estate of Frank Duttenhofer,supra.Accordingly, Mr. Calvert's reliance on Mr. Reide could not, under these circumstances, constitute a showing of reasonable cause for the failure to file timely. Finally, the petitioner argues that the assessment of an addition to tax in this case extracts a penalty from the heirs who are blameless in this case. However, we have no jurisdiction to waive the penalty for that reason. See Estate of Henry P. Lammerts,supra;Estate of Frank Duttenhofer,supra. The heirs' remedy lies in another forum. In order to reflect a possible deduction for attorney's fees incurred in this litigation, Decision will be entered under Rule 155.
Footnotes
1. Carl F. Eiberger appeared as amicus curiae on behalf of Bernard A. Teah and Jeanetta T. Wentz, heirs of the estate.↩
2. All statutory references are to the Internal Revenue Code of 1954.↩
3. Sec. 6075 has since been amended to provide that an estate tax return must be filed within 9 months after the decedent's death for decedents dying after Dec. 31, 1970. Excise, Estate, and Gift Tax Adjustment Act of 1970, 84 Stat. 1836.↩
4. Compare Estate of Norma S. Bradley,33 T.C.M. 70, P-H Memo TC par. 74,017 (Jan. 24, 1974), affd. by order F. 2d (C.A. 6, March 12, 1975).↩