**Samuel POLLACK and Annie Pollack et al., Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 24800.**

United States Court of Appeals
Fifth Circuit.

April 9, 1968.

Arthur J. England, Jr., Miami, Fla., for petitioners.

Lester R. Uretz, Chief Counsel, IRS, Christopher J. Ray, Atty., IRS, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Albert J. Beveridge, III, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before BROWN, Chief Judge, CLAYTON, Circuit Judge, and McRAE, District Judge.

WILLIAM A. McRAE, Jr., District Judge:

This case involves petitions for review of the decisions of the Tax Court involving claims of income tax deficiencies for the years 1958 and 1959 in the aggregate amount of $56,719, together with interest.

Jurisdiction is conferred upon this Court by section 7482 of the Internal Revenue Code of 1954, 26 U.S.C. § 7482.

The decisions of the Tax Court were entered on December 23, 1966, and the taxpayers filed petitions for review on March 22, 1967. On their individual tax returns for the years in question taxpayers claimed deductions for their pro rata share of the net operating losses sustained by Shelborne Enterprises, Inc., a Florida corporation, (Shelborne) during the years for which the corporation had elected under subchapter S of the Internal Revenue Code not to be taxed at the corporate level. The Commissioner disallowed the claimed deductions and the Tax Court sustained the disallowance on the ground that Shelborne failed to qualify as a "small business corporation" under section 1371 of the Code for the reason that it had issued more than "one class of stock" within the meaning of subsection 1371 (a) (4), 26 U.S.C. § 1371(a) (4).[1]

The sole issue on this appeal is whether Shelborne had more than one class of stock within the meaning of subchapter S of the Code. This issue in turn hinges on whether the Tax Court correctly held that a corporation whose stock is divided into four classes having an unequal number of shares, with each class entitled to elect one director, has "more than one class of stock" within the meaning of section 1371(a) (4) of the Code and therefore does not meet the qualification

of that subsection. We hold that the Commissioner and the Tax Court were correct and we therefore affirm.

The facts of the case are not in dispute. Shelborne had four classes of stock designated as A, B, C and D. Classes A and B were composed of 33⅓ shares, while classes C and D were each composed of 16⅔ shares. Each class was empowered to elect one director. The basis of the ruling of the Tax Court was that inasmuch as each class could elect one director there were disproportionate voting rights since it took twice as many shares in classes A and B to elect a director as .it took in classes C and D.

The Tax Court reached its decision that classes A, B, C and D constituted more than one class of stock by placing reliance on Treas.Reg. § 1.1371–1 (1959) which provides in part as follows:

Sec. 1.1371–1 *Definition of small business corporation.*

\*　　\*　　\*　　\*　　\*　　\*

(g) *Classes of stock.* \* \* \* If the outstanding shares of stock of the corporation are not identical with respect to the rights and interest which they convey in the control, profits, and assets of the corporation, then the corporation is considered to have more than one class of stock. Thus, a *difference as to voting rights*, dividend rights, or liquidation preferences of outstanding stock will disqualify a corporation. However, if two or more groups of shares are identical in every respect except that each group has the right to elect members of the board of directors in a number *proportionate* to the number of shares in each group, they are considered one class of stock. \* \* \* [Emphasis added.]

---

1. § 1371. *Definitions*

(a) *Small business corporation.*—For purposes of this subchapter, the term "small business corporation" means a domestic corporation which is not a member of an affiliated group (as defined in section 1504) and which does not—

(1) have more than 10 shareholders;

(2) have as a shareholder a person (other than an estate) who is not an individual;

(3) have a nonresident alien as a shareholder; and

(4) have more than one class of stock.

\*　　\*　　\*　　\*　　\*

The voting rights being disproportionate in the present case, the conclusion was properly reached that more than one class of stock had been created.

The taxpayers urge that subchapter S of the Code was enacted on September 2, 1958; that Shelborne made the required election to come under the subchapter on December 1, 1958; and that the Treasury Department did not promulgate Treas.Reg. § 1.1371–1(g) until December 18, 1959.

■■■ From this sequence of events, the taxpayers apparently argue that Treas.Reg. § 1.1371–1(g) would have to be given retroactive effect if it is applied to the present case, and that such application would be improper or an abuse of discretion. We disagree. 26 U.S.C. § 7805 [2] gives ample authority to the Commissioner to issue a regulation with retroactive effect.

In an effort to avoid the plain language of the statute, its history and the applicable Treasury Regulations, the taxpayers rely upon a "Technical Information Release" issued prior to promulgation of the Regulations, which taxpayers assert was in conflict with the Regulations. Even assuming *arguendo* that the Regulations are inconsistent with the prior "release," the Commissioner is authorized to issue Regulations having retroactive effect to the date on which the statute was enacted. The Commissioner may indeed retroactively correct any prior erroneous interpretation of the law, even though a taxpayer may have relied to his detriment on the Commissioner's mistake. These established principles apply to Regulations and published rulings, and *a fortiori* they apply to a "Technical Information Release." Dixon v. United States, 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965); Automobile Club of Mich. v. Commissioner of Internal Revenue, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957).

■■ Although agreeing with Appellee with respect to the correctness of applying Treas.Reg. § 1.1371–1(g) retroactively, even stronger support for affirmance is the very language of the statute itself. Section 1371(a) (4) of the Code unequivocally requires, among other conditions for qualification as a "small business corporation," that such corporation shall not "have more than one class of stock." Shelborne not only issued four separate classes of stock under the terms of its charter and applicable Florida law, it also unquestionably had "more than one class of stock" within the plain meaning of the language in Code section 1371(a) (4), since the various classes had unequal voting rights. The number of shares in classes A and B differed from the number of shares in classes C and D, and yet each class had the right to elect the same number of directors. To subscribe to taxpayers' contention that the corporation had only one class of stock would disregard not only the separate class designations in the corporation's charter, but do violence to the history and plain words of the statute.

The decisions of the Tax Court are correct, and are hereby

Affirmed.

2. § 7805. *Rules and regulations*

(a) *Authorization.*—Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary or his delegate shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.

(b) *Retroactivity of regulations or rulings.*—The Secretary or his delegate may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect.