Clayton J. CHARBONNET and Adelaide Tutt, Wife of Clayton J. Charbonnet

v.

UNITED STATES of America.

Civ. A. No. 70–312.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Jan. 12, 1971.

Henry P. Dart, III, Dart & Dart, New Orleans, La., for plaintiffs.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., Charles G. Barnett, United States Dept. of Justice, Fort Worth, Tex., for the United States.

HEEBE, District Judge:

■ This is a suit for refund of $8,-372.91 in income taxes and assessed interest paid by plaintiffs for the taxable year 1967 plus statutory interest thereon. The question presented in the cross motions for summary judgment is whether the plaintiffs, Mr. and Mrs. Clayton J. Charbonnet, are liable, under the provisions of § 47 of the Internal Revenue Code of 1954, for a "recapture tax" as the result of their disposition, in 1967, of a portion of their stock in American Rent-All, Inc., which corporation, at the time of the claiming of the § 38 investment credit, was an electing small business corporation subject to the provisions of §§ 1371 and 1372 of the Code.

The taxpayers in 1965 operated a business known as "American Rent-All, Inc.," a Louisiana corporation wholly owned by them. In that same year (1965) taxpayers invested $345,209.22 in "Section 38 property" for which they received a total investment tax credit of $24,164.65. In 1965 the taxpayers elected to report their income as a Subchapter S corporation under the provisions of §§ 1372 and 1373 of the Code.

In 1966, the taxpayers, who were formerly the sole owners of American Rent-All, Inc., sold 30.067% of their stock to approximately 110 other persons, retaining for themselves 69.933% of the stock. At this point, the corporation ceased to be a Subchapter S, or "electing small business corporation," because there were more than ten stockholders.

In August 1967 the taxpayers transferred a 4.674% stock interest in the corporation to a voting trust and simultaneously directed that voting trust certificates representing such interest be issued to their children. This reduced the taxpayers' interest in the corporation to 65.259%.

At some time after August 1967, i. e., *after* the month in which the above transaction was carried out, § 1.47–4 of the Treasury Regulations was adopted. In 1969 the Internal Revenue Service assessed taxpayers $7,629.31 plus interest (totaling $8,372.91) for the tax year 1967, the year in which taxpayers' interest in the corporation dropped below 66⅔%. The assessment was made under § 47(a) of the Code and more par-

ticularly under § 1.47–4 of the Regulations.[1]

Section 38 property is generally described in § 48 of the Internal Revenue Code of 1954 as tangible personal property and certain depreciable real property having a useful life of four years or more. This investment credit provision was enacted by the Revenue Act of 1962, P.L. 87–834, 76 Stat. 960, to encourage businesses to expand their productive capacity through the purchase of income-producing depreciable property. Under § 38 of the Code, a taxpayer's income tax liability was reduced by a direct credit for investment in certain depreciable property. The investment credit was not merely a deduction allowed in computing income on which tax is imposed, but, rather, was a credit against the income tax imposed. Section 38 of the Code also provides that the amount of the investment credit was to be determined under the provisions of §§ 46, 47 and 48 of the Code, and the Secretary of the Treasury or his delegate was to prescribe such regulations as might be necessary to carry out the purposes of the investment credit provisions.

Because American Rent-All, Inc., took advantage of the investment credit in 1965 as an electing small business corporation, § 48(e) is applicable. Section 48(e) (1) provides that in the case of an electing small business corporation, the qualified investment for each taxable year shall be prorated among the persons who are the shareholders of such corporation on the last day of the taxable year. Section 48(e) (2) of the Code states that any person to whom any investment has been apportioned shall be treated for purposes of the investment credit as the "taxpayer" with respect to such investment.

The government has assessed this tax under the "recapture" provisions, specif-ically § 47(a) (1) of the Code and § 1.-47–4 of the Regulations. Section 47(a) (1) of the Internal Revenue Code of 1954 states that the recapture tax shall be computed if during *any* taxable year *any* property is disposed of or otherwise ceases to be § 38 property with respect to the *taxpayer*.

Section 1.47–4 (26 C.F.R.) provides, in substance, that if the qualified investment of an electing small business corporation is apportioned to the stockholders of that corporation under the provisions of § 48 of the Code, and if, after the end of the shareholders' taxable year in which such an apportionment was made, but before the close of the estimated useful life of the investment property, the shareholders' proportionate stock interest in the corporation is reduced below 66⅔% of their proportionate interest in the corporation on the date the corporation's qualified investment was apportioned to them, the recapture provisions of § 47 are to be applied in the same proportion as the reduction in the shareholders' proportionate stock interest.

The taxpayers argue that the government cannot proceed under Treasury Regulation 1.47–4 "Electing small business corporations" because neither subsection of that regulation applies to this situation. They argue that Reg. 1.-47–4(a) (1) applies only to small business corporations and not to individuals who dispose of property and, therefore, is not applicable to them since during 1967, the year of the assessment, they were not a corporation but only individuals holding property. They also argue that Reg. 1.47–4(a) (2) applies only to shareholders with present interests in an electing small business and is, therefore, not applicable since in 1966 the corporation ceased to be an electing small business.

1. They require that in the taxable year in which property ceases to be § 38 property with respect to the taxpayer, the tax credit shall be recomputed by substituting the actual life of the property for the estimated useful life in de-termining the qualified investment under § 46(c). If the resulting credit is shown to be less than the original credit, the difference is recaptured during that taxable year.

But these arguments are not valid. This regulation is applicable because Reg. 1.47–4(a) (1) by its very terms considers former electing small businesses. Specifically, "If * * * a former electing small business corporation disposes of any Section 38 property * * * a recapture determination shall be made * * *." Reference is also made in Reg. 1.47–4(a) (2) iii of the determination of a shareholder's stock interest in a " * * * former electing small business corporation * * *."

The taxpayers' next argument is that if the recapture is done on the authority of Reg. 1.47–4, then such recapture conflicts with § 47(b) of the Code. Section 47(b) provides an express exception of the recapture tax to property involved in " * * * a mere change in the form of conducting the trade or business [where] * * * the taxpayer retains a substantial interest in such trade or business." The taxpayers argue that the change in 1966 from a Subchapter S corporation to an ordinary corporation and the change in 1967 from an ordinary corporation with all stock owned and voted through a voting trust to one where all the stock became eligible to be put into a voting trust should be considered as "a mere change in the form of conducting the trade or business" so as to qualify for the exemption provided by § 47(b) of the Code.

However, these changes did not constitute a change in the form of conducting the trade or business. The "Technical Explanation of the Bill" of the Senate Report #1881 which accompanied the Revenue Act of 1962 which created the investment credit and recapture provisions explains this phrase:

"The phrase 'a mere change in the form of conducting the trade or business' (whether through incorporation, the formation of a partnership, or otherwise) applies *only to cases where the properties of a trade or business are transferred.* Thus, the transfer of section 38 assets to a newly formed corporation in a transaction to which section 351 applies will not fall within the scope of the exception unless the transaction involves the transfer of the trade or business in which such assets were used." U.S.Code Cong. & Ad.News, p. 3453 (1962) (emphasis added)

The facts in this case show that American Rent-All changed from a partnership to a Subchapter S corporation on January 1, 1965, the same year the taxpayers claimed (under § 48 of the Code) the investment credit otherwise due the corporation. The sale of stock to outsiders in 1966 and the disposition of stock by gift in 1967 did not constitute a change in the form of conducting the trade or business. This disposition of the taxpayers' stock interest by sale in 1966 and by gift in 1967 evidences no change in the business but only a change in the ownership of the corporation. That the recapture provisions of § 47(a) should apply is further supported by this same Technical Report, U.S.Code Cong. & Ad.News, p. 3450 (1962):

"Similarly, property of a partnership (*or subch. S.* corporation or estate or trust) ceases to be section 38 property with respect to the taxpayer (partner, *shareholder,* or beneficiary) when such taxpayer *sells his interest* in the partnership (or *shares of stock* or beneficial interest)." (emphasis added)

The taxpayers also argue that at the time they reduced their stock ownership both in 1966 and in 1967, tax Regulation 1.47–4 was not in existence, and thus the assessment made under such regulation is not valid. Section 1.47–4(a) (2) (b) (ii) provides that the recapture tax will not be assessed until the taxpayer's proportionate interest in the § 38 property is reduced to less than 66⅔%. The taxpayers here reduced their stock ownership by sale of stock in 1966 to 69.93% and by gift in 1967 to 65.25%. Shortly after the taxpayers in 1967 reduced their stock ownership by gift, this regulation was passed, and the IRS levied the assessment.

878

■ The answer to the plaintiffs' objection is that the basic provision of the recapture tax, § 47(a) of the Code, was enacted in 1962. Section 47(a) provides that a recapture tax may be assessed *whenever* the taxpayer reduces his stock ownership in § 38 property, with certain exceptions provided in § 47(b). Section 47(a) also provides that the Secretary of the Treasury has the authority to make rules to enforce the recapture tax. The Secretary then enacted Reg. 1.47–4 which states that a recapture tax will be levied only *after* the taxpayer has disposed of one-third of his interest in the § 38 property. Regulation 1.47–4, enacted in 1967, is an explicit and concrete ruling of the general provisions of § 47(a) of the Code. Clearly, a recapture tax could have been levied under 47(a) since 1962 for any reduction of ownership in § 38 property without the requirement later enacted in Reg. 1.47–4 that the taxpayer first reduce his stock ownership by one-third. Thus, 1.47–4 is a valid, reasonable regulation consistent with § 47(a) and the Congressional intent.

Further, § 7805(b) gives authority to the Secretary of the Treasury to issue a regulation with retroactive effect. The taxpayers here, who interpreted to their detriment § 47(b) before the definitive regulation (1.47–4) was issued by the Secretary, are in no better position than the taxpayers in Dixon v. United States, 381 U.S. 68, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965) who relied to their detriment upon the Commissioner's acquiescence in an erroneous Tax Court decision, and the taxpayer in Pollack v. C. I. R., 392 F.2d 409 (5th Cir. 1968), who relied on a "Technical Information Release" issued prior to promulgation of the Regulations.

For the foregoing reasons, it is the order of the court that the plaintiffs' motion for summary judgment be, and the same is hereby, denied, and that the defendant's motion for summary judgment be, and the same is hereby, granted.