T.C. Memo. 1995-459


UNITED STATES TAX COURT


THAI V. PHAM AND KHUY T. BUI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 28774-92.              Filed September 26, 1995.


<u>Johnny W. Richards II</u>, for petitioners.

<u>Alvin A. Ohm</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

WRIGHT, <u>Judge</u>: Respondent determined deficiencies in and additions to tax and a penalty with respect to petitioners' Federal income taxes as follows:

| Year | Deficiency | Additions to Tax and Penalty | | |
|---|---|---|---|---|
| | | Sec. 6653(a) | Sec. 6661 | Sec. 6662 |
| 1988 | $36,888 | $1,844 | $9,222 | - |
| 1989 | 10,613 | - | - | $2,123 |

After concessions, the issues for our consideration are:

(1) Whether petitioners are entitled to Schedule C deductions for the cost of labor in excess of the amounts allowed by respondent for taxable years 1988 and 1989. We hold that they are not.

(2) Whether petitioners are entitled to a Schedule C equipment rental deduction in the amount of $7,200 for taxable year 1988. We hold that they are not.

(3) Whether petitioners received unreported income of $14,000 during taxable year 1988. We hold that they did.

(4) Whether petitioners are liable for the addition to tax pursuant to section 6653(a)[1] for the underpayment of tax due to negligence or intentional disregard of the rules or regulations for taxable year 1988. We hold that they are.

(5) Whether petitioners are liable for the addition to tax pursuant to section 6661(a) for a substantial understatement of income tax for taxable year 1988. We hold that they are.

(6) Whether petitioners are liable for the accuracy-related penalty pursuant to section 6662 for taxable year 1989. We hold that they are.

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein. At the time the petition was filed, petitioners resided in Arlington, Texas. Petitioners timely filed joint Federal income tax returns for taxable years 1988 and 1989.

During the years at issue, petitioners operated a sewing business out of their residence. Petitioner Khuy T. Bui (hereinafter petitioner Bui) solicited contracts from various clothing manufacturers to assemble clothing. Upon entering into a contract with a clothing manufacturer, the manufacturer provided petitioner Bui with the precut material and buttons to be assembled. The manufacturer also provided petitioner Bui with a fully assembled model of the finished product. This sample was used to guide the assembly process.

After receiving the precut material, petitioner Bui proceeded to subcontract the assembly process to various home sewers. The assembly process consisted of sewing together multiple pieces of precut material in accordance with specifications provided by the manufacturer. Upon completing their subcontracts, the home sewers returned the assembled garments to petitioner Bui. Petitioners and their four sons then performed the finishing work. Finishing work consisted of attaching buttons, cutting button holes, hemming, trimming

threads, ironing, folding, pinning, and packaging.  Upon completing the finishing work, petitioner Bui returned the completed product to the manufacturer.

The manufacturer generally paid petitioner Bui the contract price within 2 weeks of her delivery of the completed product.  After receiving payment from the manufacturer, petitioner Bui paid the subcontractors who assembled the garments.

During taxable years 1988 and 1989, three of petitioners' four sons assisted in performing the finishing work.  On their Federal income tax returns for taxable years 1988 and 1989, petitioners deducted the following sums with respect to amounts allegedly paid to their four sons in exchange for their performance of the finishing work:

<u>1988</u>

| | |
|---|---|
| Thinh Dat Pham | $7,215.80 |
| Dung Tien Pham | 8,320.80 |
| Duy Duc Pham | 7,420.20 |
| Total | 22,956.80 |

<u>1989</u>

| | |
|---|---|
| Thinh Dat Pham | $6,732.15 |
| Duy Duc Pham | 6,917.34 |
| Tri Minh Pham | 6,035.30 |
| Total | 19,684.79 |

There was no formal policy governing these payments to petitioners' sons.  All payments to petitioners' four sons were made in cash and were based on records allegedly maintained by the recipient son.  Petitioners did not maintain records or other written documentation of the amounts paid to their sons.  For

each son, petitioners prepared a Form 1099-MISC, Statement for Recipients of Miscellaneous Income, with respect to each of the above amounts for both taxable years. In preparing the Forms 1099-MISC for each son, petitioners derived the amount presented on the Forms 1099-MISC from data maintained by the recipient son. All records maintained by the four sons were discarded, either after receiving cash payment or after the son provided petitioner Bui with the figures used in preparing the Forms 1099-MISC.

Each of petitioners' four sons filed Federal income tax returns for taxable years 1988 and 1989, reporting the amounts identified above. For both the 1988 and 1989 taxable years, each son had a net tax due and owing upon completion of his return. Petitioner Bui paid the entire tax due for both taxable years 1988 and 1989 for each of her sons, excluding Tri Minh Pham.

Citing the lack of substantiation, respondent disallowed petitioners' claimed Schedule C deductions for the cost of labor attributable to payments petitioners made to their sons in taxable years 1988 and 1989.

On their Schedule C for taxable year 1988, petitioners also claimed an equipment rental expense deduction in the amount of $7,200. This expense is attributable to rental payments for six sewing machines that petitioners used in the operation of their enterprise. Petitioners produced a photocopy of a lease representing their agreement with the lessor of the machines. This photocopy states the following:

State of Texas

Tarrant County

                    EQUIPMENTS [sic] RENTAL AGREEMENT

LESSOR:    CHUNG V TRAN
LESSEE:    KHUY T BUI

1.  EQUIPMENTS [sic]:  Sewing machines and equipments
                      [sic] as needed
2.  TERM:              Cash, $600 per month for 12 months
                      in 1988
                      total of $7200

                      Lessor agreed to repair and maintain
all the equipments [sic] as needed per Lessee in good use
condition.
                      Lessee can not assign or sub-let all
the equipments [sic] to other persons without the agreement
of Lessor
                      In the event of any breach of the
agreement Lessor can have full rights to terminate this
lease in accordance with state law and re-claim possession
of the leased equipments [sic].


Signed and agreed on this 4th day of Jan 1988.


LESSOR:    CHUNG V TRAN


LESSEE:    KHUY T BUI

Aside from this rental agreement, petitioners are unable to

produce any written record or other documentation reflecting

actual payment of the rent.  Respondent, therefore, disallowed

the claimed deduction due to lack of substantiation.

In taxable years 1988 and 1989, petitioners reported gross

receipts from their sewing business in the amounts of $237,737

and $123,407, respectively.  Because petitioners failed to

maintain records or other written documentation reflecting the

financial activities of their enterprise, respondent conducted a
bank deposit analysis of the bank account petitioners used in the
operation of their sewing business.  This analysis determined the
following deposits and source of funds:

1988

| Source | Amount |
|---|---|
| Pam's Closet | $202,457.40 |
| Donovan-Galvania | 9,212.66 |
| Byn-Mar, Inc. | 30,205.48 |
| Brenco Apparel, Inc. | 19,676.35 |
| Bently Arbuckle, Inc. | 7,283.40 |
| Jones of Dallas | 4,288.75 |
| H&A Fashions | 4,675.34 |
| Tu Van Le | 9,000.00 |
| Ruoc H. or Thim T. Doan | 2,000.00 |
| Cash | 5,000.00 |
| Various | 9,784.58 |
| | 303,583.96 |

1989

| | |
|---|---|
| Pam's Closet | $111,670.90 |
| Marlin Manuf. Co. , Inc. | 8,103.00 |
| Tam Van Nguyen | 2,000.00 |
| Dau Thi Bui or Tuan Ngoc | 2,000.00 |
| Various | 4,500.00 |
| | 128,273.90 |

After concessions by both parties regarding the above
figures, only two deposits remain in dispute; both deposits
occurred in taxable year 1988 and totaled $14,000.  Remaining in
dispute are:  (1) The $9,000 deposit, identified above as
received from Tu Van Le; and (2) the $5,000 deposit identified
above as cash.  Petitioners, maintaining that both deposits
represent nontaxable loans, did not report the $14,000 on their

1988 Federal income tax return.  Respondent contends that both amounts represent unreported taxable income.  Accordingly, respondent has adjusted petitioners' taxable income for 1988 to reflect the unreported amount of $14,000.

OPINION

Issue 1.  Schedule C Cost of Labor Deduction

Petitioners contend that, pursuant to section 162(a)(1), they are entitled to Schedule C deductions in the amounts of $22,957 and $19,685 for taxable years 1988 and 1989, respectively, for compensation paid to their sons with respect to their involvement in petitioners' sewing enterprise.  Respondent argues that petitioners' failure to substantiate these deductions precludes their entitlement to them.

Respondent's determinations are presumed to be correct, and petitioners bear the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  Moreover, the taxpayers do not have an inherent right to take tax deductions.  Deductions are a matter of legislative grace, requiring the taxpayers to establish their right to take them.  Deputy v. Du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Additionally, taxpayers are required to keep books and records so that they can file true and correct returns and to enable respondent to determine their correct tax liability.  Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); secs. 1.446-1(a)(4), 1.6001-1(a), Income Tax Regs.

The record is clear, and there is no doubt, that petitioners failed to maintain records or other written documentation of the work performed by, or compensation paid to, their sons. Petitioners are unable to identify, with any degree of certainty, factors customarily associated with a compensatory relationship. The number of hours worked by petitioners' sons is unknown. The number of buttons attached, button holes cut, and garments pinned, ironed, or packaged by any particular son is also unknown. Furthermore, the actual work performed by any particular son for any particular period is unknown. Similarly, with the exception of the Forms 1099-MISC provided to each son for tax return purposes, petitioners are unable to provide records reflecting the compensation paid to any of their sons for any particular period. Petitioners are also unable to produce any documentation regarding the calculation of compensation paid to any particular son on any particular occasion.

Petitioner Bui testified that she paid her sons on a piece or per-unit basis. However, she presented inconsistent testimony with regard to the per-unit amount paid to any particular son. She first testified that her sons were paid between 30 cents and 50 cents per garment to attach buttons, depending on the complexity of the design of the garment. Petitioner Bui subsequently testified that this range was between 20 cents and 80 cents.

The testimony of petitioner Bui's sons with regard to this

matter was equally conflicting. Suffice it to say that the record does not support a finding of a per-unit compensation schedule used by petitioners when compensating their sons.

Petitioner Bui testified that her sons maintained records of their own work activity and that all compensation paid to her sons was based solely on those records. When it came time to be paid, each son simply informed petitioner Bui of the work he had performed, and petitioner Bui in turn paid cash to that son. Petitioner Bui further testified that she prepared Forms 1099-MISC for each son for both taxable years at issue based on the records maintained by her sons.

Petitioner Bui's oldest son, Tri, did not testify at trial; however, her other three sons, Dung, Duy, and Thinh, did testify. The sons' testimony regarding the recordation of their work activity is ambiguous and conflicting. Dung testified that he kept track of the work he performed in a multitude of ways. He frequently relied upon invoices for his record, but occasionally he recorded his activity on pieces of paper. Still other times, he simply made mental notes of the work he performed. Dung further testified that he did not submit his records to petitioner Bui for payment, rather he simply told her what he had done and was paid accordingly. Dung also testified that he discarded the records reflecting his work activity.

Dung's testimony with regard to what happened to his work activity records is inconsistent. Dung first testified that he

discarded his records after petitioner Bui paid him. Dung later testified that he retained his records until he filed his Federal income tax return. Dung also testified that his work activity records were destroyed after petitioner Bui paid him but that he then created a new record reflecting the amount he was paid. Dung further testified that this new record was discarded only after he completed his tax return.

The testimony of both Duy and Thinh, though not as explicit as is Dung's testimony, is equally obscure. In any event, no records were produced. Further, all testimonial evidence is tenuous in respect to the relevant points.

Petitioners correctly explain that in Eller v. Commissioner, 77 T.C. 934 (1981), this Court held that compensation is deductible under section 162(a)(1) only if it is: (1) Reasonable in amount; (2) provided for services actually rendered; and (3) paid or incurred. But the burden is on petitioners to prove that they are entitled to the deduction claimed. Rule 142(a); Welch v. Helvering, supra. Even if we were convinced that petitioners paid reasonable amounts to their sons for their involvement in the enterprise, we remain unpersuaded as to the amount of compensation paid.

Petitioners contend that the Cohan rule, Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), should be used to bridge this gap. We disagree. According to the Cohan rule, if the record provides sufficient evidence that the taxpayer has

incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of such expense and allow the deduction to that extent. Cohan v. Commissioner, supra. In order for us to estimate the amount of an expense, however, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Due to the total absence of documentation and inconsistent testimony, we are without a reasonable basis to estimate the amount of compensation payments petitioners made to their sons. Thus, we decline to apply the Cohan rule. Consequently, petitioners have failed to satisfy their burden of establishing their right to this deduction. Accordingly, respondent's determination regarding this issue is sustained.

Issue 2. Schedule C Equipment Rental Expense Deduction

Petitioners contend that, pursuant to section 162(a)(3), they are entitled to deduct $7,200 as a business expense on their income tax return for taxable year 1988. Petitioners attribute this expense to lease payments paid for the use of six sewing machines, all of which were used in the ordinary course of their sewing business. Respondent argues that petitioners' inability to substantiate the rental expense precludes allowance of the

deduction.

The burden is on petitioners to prove entitlement to a deduction. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner Bui presented the only testimony with respect to this issue. Petitioner Bui testified that she rented six sewing machines from Mr. Tran Trung for $600 per month, totaling $7,200 for the taxable year. Petitioner Bui further testified that all rental payments were made in cash and that she did not maintain any record or other written documentation of the payments. Petitioner Bui argues that the rental expense is satisfactorily evidenced by a photographic copy of a document entitled "Equipments [sic] Rental Agreement".[2]

Respondent objects to the authenticity of this document, contending that it appears to have been prepared after the fact and in preparation for trial. Respondent argues that in the absence of the original document, the date on which the document was prepared cannot be accurately ascertained. The requirement of authentication is a condition precedent to the admissibility of the lease agreement. Fed. R. Evid. 901. Evidence that will support a finding that the matter in question is what its proponent claims is sufficient. McMahon v. Commissioner, T.C. Memo. 1991-355.

---

[2]Although petitioner Bui testified that she rented the sewing machines from Mr. Tran Trung, the lease agreement identifies the lessor as Mr. Chung V. Tran. This inconsistency remains unexplained.

Petitioner Bui testified that the original of the rental agreement is in the possession of the lessor, Mr. Tran Trung. Petitioner Bui also testified that she was unaware of Mr. Trung's location and that she has had no contact with Mr. Trung since returning the six sewing machines to him at the end of 1988. Petitioner Bui further testified that the document was a true and exact copy signed and received by her on the date she picked up the sewing machines. The Federal Rules of Evidence generally permit the use of copies rather than originals, but an exception is made if a genuine question is raised as to the authenticity of the original. Fed. R. Evid. 1003; see Tyson v. Jones & Laughlin Steel Corp., 958 F.2d 756 (7th Cir. 1992); United States v. Smith, 893 F.2d 1573 (9th Cir. 1990); Christopher v. Commissioner, T.C. Memo. 1984-394. Respondent, however, does not establish in any way how the document is fatally flawed. Respondent contends that the authenticity of the lease agreement is suspect because, without the original, the date on which the document was created is unknown. We are unpersuaded by this argument. Furthermore, merely objecting to the admission of evidence does not make that evidence suspect, nor does it rise to a showing that a genuine issue of authenticity exists. Tyson v. Jones & Laughlin Steel Corp., supra at 761. Accordingly, we find that a genuine issue has not been raised as to the authenticity of the lease agreement, and it is admissible under rule 1003 of the Federal Rules of Evidence.

Although we conclude that the photocopy of the lease agreement is admissible, we remain unconvinced that petitioners have satisfactorily proven their entitlement to a deduction of $7,200 for lease of the sewing machines. We are not convinced that the lease agreement establishes conclusively that petitioners disbursed the monthly payments called for therein. Petitioner Bui produced the only testimony with regard to this issue, and we are not required to accept her self-serving testimony. Niedringhaus v. Commissioner, 99 T.C. 202 (1992). Additionally, petitioner Bui's testimony is less than credible with regard to this matter. Petitioner Bui first testified that she paid 3 months' rent in advance when she picked up the sewing machines in January 1988. Petitioner Bui subsequently testified that she paid the first 3 months' rent in late February 1988. It is the occurrence of inconsistencies such as this that cast doubt on the credibility of petitioners' argument.

Petitioners have failed to establish their entitlement to a business expense deduction with respect to the $7,200. Accordingly, respondent's determination is sustained as to this issue.

Issue 3. Unreported Income

In the notice of deficiency issued to petitioners for taxable year 1988, respondent adjusted petitioners' gross receipts by $63,847. After concessions by the parties, the amount in dispute has been reduced to $14,000. Petitioners

contend that the $14,000 is composed of two loans and as such is not taxable under section 61. Respondent contends the $14,000 constitutes unreported taxable income and that petitioners have failed to carry their burden of proving the determination inaccurate.

Respondent determined the unreported income using the bank deposits method. The use of the bank deposits method for computing income has been authorized by the courts for many years. DiLeo v. Commissioner, 96 T.C. 858 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1975), affd. 566 F.2d 2 (6th Cir. 1977). Bank deposits are prima facie evidence of income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, supra at 656. In analyzing a bank deposits case, deposits will be considered income when there is no evidence that they represent anything other than income. Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964); United States v. Doyle, 234 F.2d 788, 793 (7th Cir. 1956); Harlan v. Commissioner, T.C. Memo. 1995-309. The burden, generally, is on the taxpayers to show that the bank deposits were derived from nontaxable sources. Rule 142(a); Reaves v. Commissioner, 31 T.C. 690, 718 (1958), affd. 295 F.2d 336 (5th Cir. 1961); Romer v. Commissioner, 28 T.C. 1228, 1244 (1957).

Here, the use of the bank deposits method by respondent was necessitated because petitioners lacked financial records for the

years at issue.  Petitioners contend that $9,000 of the $14,000 at issue was received in the form of a loan from petitioner Bui's friend, Mr. Tu Van Le, and was intended for working capital purposes.  Petitioners further contend that the remaining $5,000 at issue was received from petitioner Bui's sister and was also intended for working capital purposes.  These alleged loans were not formalized or documented in any fashion; no instrument evidences their existence.  Petitioners did not call Mr. Tu Van Le or petitioner Bui's sister to testify as to these loans.  Furthermore, their absence was not explained.  We cannot assume that the testimony of absent witnesses would have been favorable to petitioners.  Indeed, the normal inference is that it would have been unfavorable.  Pollack v. Commissioner, 47 T.C. 92, 108 (1966), affd. 392 F.2d 409 (5th Cir. 1968).

Except for petitioner Bui's self-serving testimony, petitioners have produced no evidence that the two deposits totaling $14,000 in 1988 constituted nontaxable income.  Hence, petitioners have not overcome the presumption that the two deposits originate from a taxable source as respondent determined.  Accordingly, respondent's determination is sustained.

Issue 4.  Addition to Tax, Sec. 6653(a)

Respondent determined that petitioners are liable for an addition to tax under section 6653(a) because the underpayment of income tax for taxable year 1988 was attributable to negligence

or intentional disregard of rules or regulations. Petitioners claim that they are not liable for this addition to tax because they relied upon their accountant to prepare their 1988 return.

Section 6653(a) imposes an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Negligence is a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners must rebut the presumption of correctness by showing that the addition to tax is unjustified. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757 (1972).

Good faith reliance on the advice of a competent, independent tax professional may offer relief from the imposition of the negligence addition. United States v. Boyle, 469 U.S. 241, 251 (1985); Otis v. Commissioner, 73 T.C. 671, 675 (1980). Petitioners bear the burden of proving that their reliance on professional advice was reasonable. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). Moreover, reliance on professional advice, standing alone, is not an absolute defense to negligence but rather a factor to be considered. Id.

In order for the reliance on professional advice to excuse a

taxpayer from the negligence addition, the reliance must be reasonable, in good faith, and based upon full disclosure.  Id.; Weis v. Commissioner, 94 T.C. 473, 487 (1990); Pritchett v. Commissioner, 63 T.C. 149, 174-175 (1974).

Not only have petitioners failed to establish that their reliance was based on full disclosure, reasonable, and in good faith, they have fallen short in their attempt to establish that they relied upon the advice of a tax professional.  No testimony or other evidence as to advice relied upon by petitioners was advanced.  No accountant responsible for preparing petitioners' return was called.  Petitioners merely contend that they relied upon an accountant to complete their tax returns.

On this record, we conclude that any reliance maintained by petitioners is not sufficient to shield them from liability for the negligence addition.  Accordingly, respondent's determination as to this issue is sustained.

Issue 5.  Addition to Tax, Sec. 6661

Respondent determined that petitioners are liable for the addition to tax pursuant to section 6661 for taxable year 1988 due to a substantial understatement of income tax.  Respondent's determination carries with it the presumption of correctness. Rule 142(a).

The addition to tax is 25 percent of any underpayment attributable to a substantial understatement.  Sec. 6661(a); Pallottini v. Commissioner, 90 T.C. 498 (1988).  A substantial

understatement is one which exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000. Sec. 6661(b)(1). Accordingly, because the understatement for taxable year 1988 is not subject to reduction pursuant to section 6661(b)(2)(B)(i) or (ii), respondent's determination as to this issue is sustained.

## Issue 6. Accuracy-Related Penalty, Sec. 6662

Respondent determined that petitioners are liable for the penalty pursuant to section 6662 for taxable year 1989 because the underpayment of income tax was attributable to negligence or disregard of rules or regulations as well as to a substantial understatement of income tax. Petitioners disagree and claim that all disallowed deductions are based on substantial authority.

Section 6662(a) provides that the taxpayers are liable for a penalty equal to 20 percent of the portion of the underpayment to which section 6662 applies. Section 6662(b)(2) provides that section 6662 applies to an underpayment attributable to any substantial understatement of income tax. A substantial understatement of income tax occurs when the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000. Sec. 6662(d)(1)(A).

Petitioners bear the burden of rebutting respondent's determination. Rule 142(a). Petitioners have offered nothing in

support of their position.  Having failed to present sufficient evidence as to the substantial authority upon which they relied, we find that petitioners have not carried their burden. Accordingly, respondent is sustained as to this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>