T.C. Summary Opinion 2004-4


UNITED STATES TAX COURT


DIEGO FRANCISCO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12938-02S.                    Filed January 21, 2004.


Diego Francisco, pro se.

<u>Huong T. Duong</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's 2001 Federal income tax of $4,880.30. The issues for decision are whether petitioner is entitled to head of household filing status and whether petitioner is entitled to a claimed earned income credit of $3,906. Some of the facts have been stipulated and are so found. We incorporate by this reference the parties' stipulation of facts and the accompanying exhibits. Petitioner was a resident of Los Angeles, California, at the time he filed his petition.

In 2001, petitioner resided with Yolanda Margarita Guzman (Ms. Guzman) and their two children in a three-bedroom house owned by Ms. Guzman's parents. Petitioner and Ms. Guzman were not married. Their children are named Cesar Mateo Diego, born on April 10, 1992, and Juliana Maria Diego, born on May 3, 2000. Ms. Guzman's parents, her brother, her sister, and her sister's husband and three children all resided in the same house with petitioner, Ms. Guzman, and their two children.

On his 2001 Federal income tax return, petitioner reported adjusted gross income (AGI) of $13,553, and computed his tax as a head of household. He also claimed the following: Dependency exemption deductions for Ms. Guzman and their two children, an additional child tax credit of $355, and an earned income credit of $3,906. Respondent disallowed petitioner's claim to the dependency exemption deductions, the full amount of the

additional child tax credit, the head of household filing status, and the full amount of the earned income credit.  Respondent has since stipulated that petitioner is entitled to the three dependency exemption deductions and the additional child tax credit.

Petitioner bears the burden of proving that respondent's determination is incorrect.[1]  Rule 142(a).  It is well established that the Court is not bound to accept at face value the self-serving testimony of a taxpayer or his or her close relatives or intimates.  See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Additionally, a taxpayer is required to maintain permanent books of account or records sufficient to establish the amount of his or her gross income, deductions, credits, or other matters required to be shown on his or her tax return.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Petitioner has failed to substantiate the claims set forth in his tax return, has failed to maintain books and records of his relevant activities, and has failed to introduce credible evidence to support his factual allegations.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

The first issue for decision is whether petitioner is entitled to head of household filing status.  Section 2(b)

---

[1]  Petitioner has not satisfied the requirements of sec. 7491(a); consequently, sec. 7491(a) does not shift the burden of proof to respondent.

provides that a taxpayer may be considered a head of household if the taxpayer is not married at the close of the taxable year and maintains as his or her home a household that constitutes for more than one-half of the taxable year the principal place or abode, as a member of the household, of a son or a daughter or a descendant of a son or a daughter or of certain other dependents of the taxpayer, subject to exceptions inapplicable here. See sec. 2(b)(1)(A). In addition, the taxpayer must furnish over half the cost of maintaining the household for the taxable year. See sec. 2(b)(1); see also, e.g., Estate of Fleming v. Commissioner, T.C. Memo. 1974-137 (holding that the definition of a "household" is determined by all of the facts and circumstances of a particular case and is not determined solely by physical or tangible boundaries).

Respondent contends that petitioner has not established that he maintained a household for purposes of section 2(b), but that petitioner is part of a larger household established by Ms. Guzman's parents, and, therefore, that petitioner does not qualify as a head of household and is subject to tax at rates prescribed for single taxpayers. Petitioner contends that the space in Ms. Guzman's parents' house really was a separate one-bedroom apartment that should itself be considered a household.

He also contends that he paid $500 in cash per month as rent to Ms. Guzman's father (Julio Guzman) and otherwise supported his separate family. We agree with respondent.

Petitioner has failed to present persuasive evidence supporting his contentions. At trial, petitioner introduced a handmade diagram of the house that purportedly showed that the space occupied by petitioner, Ms. Guzman, and their two children was physically separate from the rest of the house.[2] Ms. Guzman testified that, in addition to the bedroom, she and petitioner and their children had their own kitchen area, bathroom, and separate entrance. This diagram and testimony are self-serving and uncorroborated by any disinterested witnesses. Respondent argues that the diagram is inconsistent with municipal records concerning the premises, particularly as to the number of bathrooms. Neither Julio Guzman nor any other member of his family (except Ms. Guzman, who lived with petitioner) or neighbor or friend appeared at trial to substantiate the self-serving evidence Ms. Guzman provided for petitioner.

Petitioner also presented a copy of an alleged lease agreement between petitioner and Julio Guzman as well as rent

---

[2] Ms. Guzman explained that her parents could come into her area of the house at will, but that she and petitioner did not have free access to the front of the house at all times. The testimony indicates that the parents could lock the access to their portion of the house but that petitioner and Ms. Guzman did not have a lock for privacy.

receipts allegedly signed by Julio Guzman for the monthly rent payments. Once again, the alleged evidence produced by petitioner is self-serving, uncorroborated, and unauthenticated. All the rent receipts appear to have been prepared and signed at the same time. Neither Julio Guzman nor his wife appeared at trial to verify that they received monthly rent payments from petitioner. The supposed receipts on their face are not credible. Petitioner has failed to present persuasive evidence about Julio Guzman's earnings or wealth. Petitioner selected the place of trial, and there is no apparent reason why he did not arrange for Julio Guzman to appear and testify about the alleged receipts, the layout of his home, and other matters concerning the head of household issue. The failure of a party to offer available testimony gives rise to the inference that it would have been unfavorable to his contentions. Bresler v. Commissioner, 65 T.C. 182, 188 (1975); Pollack v. Commissioner, 47 T.C. 92, 108 (1966), affd. 392 F.2d 409 (5th Cir. 1968); Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). Under the circumstances of this case, we hold that petitioner is not entitled to head of household filing status.

The second issue for decision is whether petitioner is entitled to the claimed earned income credit. Section 32(a)(1) provides that an "eligible individual," subject to certain

limitations, may claim an earned income credit. Section 32(c)(1)(A)(i) defines an "eligible individual" as including an individual who has a "qualifying child" for the taxable year. A "qualifying child" includes a taxpayer's children or grandchildren, among others, who share the taxpayer's principal place of abode for more than one-half of the taxable year and who meet certain age requirements. Sec. 32(c)(3)(A) and (B)(i)(I). If more than one individual otherwise would be treated as eligible individuals with respect to the same qualifying child for the same taxable year, only the individual with the highest modified AGI for that taxable year shall be allowed the earned income tax credit. Sec. 32(c)(1)(C).

We held above that petitioner cannot claim head of household status because petitioner did not establish that he maintained a separate household. Instead, the record reflects that petitioner shared the household with Ms. Guzman's extended family; therefore, either of Ms. Guzman's parents or other members of the household might be treated as eligible individuals for purposes of the earned income credit. See sec. 32(c)(1)(C). The inquiry then becomes whether petitioner had a higher AGI than Ms. Guzman's parents or other eligible individuals living in the household. Petitioner has failed to introduce any evidence to demonstrate that he had a higher AGI than either of Ms. Guzman's parents. Ms. Guzman testified not only that she did not know

what her father's income was for 2001, but also that she even was uncertain of what her father did for a living. There is no testimony relating to the AGI of Ms. Guzman's parents, who owned the house in which petitioner lived, or of anyone else in the family living in the household. Under the circumstances of this case, we find that petitioner has not substantiated his contention, and we therefore hold that he is not entitled to the claimed earned income credit. Again we note that we have no reason to doubt that petitioner could have arranged for Ms. Guzman's parents to testify or otherwise present evidence as to their AGI. Petitioner failed to do so, and we must conclude that this evidence would have been unfavorable to him. See Bresler v. Commissioner, supra; Pollack v. Commissioner, supra; Wichita Terminal Elevator Co. v. Commissioner, supra.

This matter was heard in Fresno, California. This Court considered whether this matter might properly be continued to a date and time in Los Angeles, where petitioner and petitioner's family resided and this Court hears cases regularly. We were concerned that any potential witnesses, if present, would be better able to substantiate petitioner's contentions than only petitioner and Ms. Guzman. Petitioner, nevertheless, chose to proceed in the absence of any witnesses other than Ms. Guzman. Accordingly, petitioner's contentions were unsupported, and his evidence was unsubstantiated and unauthenticated. He simply did

not present credible evidence to support his position. Respondent must be sustained on both issues presented for decision.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155.</u>